UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-63-KSF

RICHARD GERO                                                                                              PLAINTIFF

v.                                               **OPINION & ORDER**

CORRECTIONS CORPORATION OF
AMERICA, *et al.*                                                                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

On April 6, 2007, plaintiff Richard Gero filed a *pro se* complaint in the District of Vermont alleging civil rights claims arising out of his incarceration at the Lee Adjustment Center in Beattyville, Kentucky. Specifically, Gero alleged that the defendants read his personal mail, strip-searched him, deprived him of his belongings, and forced him to live in inhumane conditions. After the case was transferred to this Court, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is currently before the Court upon the Magistrate Judge's Report and Recommendation of June 8, 2009, which recommends that the defendants' motion to dismiss pursuant to Rule 37(b) of the Federal Rules of Civil Procedure for failure to cooperate with discovery be granted [DE #45].

The following procedural history is relevant to this matter. On April 25, 2008, the Court issued a scheduling order setting forth relevant deadlines, including a period for discovery [DE #8]. The defendants requested leave to depose Gero, which the Court granted [DE #9, 10]. The defendants also propounded interrogatories and requests for production of documents to Gero on May 6, 2008. Gero's discovery responses, provided to the defendants on May 21, 2008, were

1

incomplete and/or non-responsive. By letter dated May 27, 2008, counsel for the defendants sent Gero a letter requesting further or more complete responses. In response, by letter dated May 30, 2008, Gero asserted that his responses were adequate, and informed the defendants to seek the Court's ruling on the matter if they disagreed. Thereafter, on June 25 ,2008, the defendants filed their motion to compel answers to discovery [DE #11]. The defendants' motion was granted, and the Court ordered Gero to provide specific responses within 20 days [DE #12]. The Court, however, did not require Gero to pay the defendants' attorneys fees incurred in bringing the motion. *See* Fed.R.Civ.P. 37(a)(5).

On July 11, 2008, Gero filed a motion requesting additional time to respond to the motion to compel, which the Court construed as a motion for additional time to provide the discovery as ordered [DE # 14]. The Court granted the construed motion on July 23, 2008, and provided Gero until August 8, 2008 to provide his responses. The Court further cautioned Gero that no further extensions to provide the discovery would be granted [DE #14].

Also on July 23, 2008, Gero filed an objection to the motion to compel, arguing that the information requested by the defendants in the discovery requests was not relevant to the claims asserted in his Complaint [DE #15]. Then, on July 29, 2008, Gero filed a motion to reconsider the Court's order granting the motion to compel, arguing that its entry prior to the time permitted for him to file a response under the Court's Local Rules violated his due process rights to be heard [DE #16]. Gero's motion to reconsider was denied on September 2, 2008 [DE #25].

Gero failed to provide the responses to the defendants' discovery requests by the August 8, 2008 deadline. As a result, on August 13, 2008, the defendants filed a motion to dismiss this action with prejudice pursuant to Rule 37 based upon Gero's refusal to cooperate with discovery [DE #19].

In response, Gero argued that defendants' counsel had failed to seek a good-faith resolution to their discovery dispute as required by Rule 37 (a)(1) prior to filing the motion to compel [DE #23]. In reply, the defendants countered that a good faith certification was included with their motion to compel, and noted that Gero failed to address the merits of their motion to dismiss [DE #27].

Gero ultimately filed his responses to the defendants' discovery requests on September 15, 2008 [DE #28]. The defendants filed a statement in the record that Gero's responses "did not cure, to any degree, the inadequacy of his answers. . ." [DE #29]. The Court subsequently denied the defendants' Motion to Dismiss; however, the Court did order Gero to provide the defendants with detailed and specific answer to their discovery requests within 20 days [DE #30]. The Court's Order warns that if Gero failed to "fully and adequately respond to Defendants' discovery requests, unless the Court determines that his position is substantially justified, the Court will dismiss this action, with prejudice, and may also order him to pay the Defendants' attorneys fees incurred in bringing any subsequent motion related to discovery in this matter." [DE #30].

After one further extension of time from the Court [DE #32], Gero ultimately submitted his discovery answers on December 4, 2008 [DE #33]. Again, these discovery responses were incomplete or non-responsive. The defendants filed a second Motion to Dismiss for failure to cooperate with discovery on January 16, 2009. Gero submitted another set of answers to the defendants' discovery requests on January 26, 2009 [DE # 39]. Again, Gero's answers were not fully responsive. In response to the defendants' motion to dismiss, Gero argued that dismissal is inappropriate because the defendants' discovery requests were unduly burdensome [DE #43].

In his Report and Recommendation, the Magistrate Judge first reviewed the procedural history of the case, then turned to Rule 37(b) for guidance. As explained by the Magistrate Judge,

3

this rule sets forth the sanctions that a Court may impose for failure to comply with a discovery order, and provides, in pertinent part:

> (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent - or a witness designated under Rule 30(b)(6) or 31(a)(4) - fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . .
>
> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2).

The Magistrate Judge found that Gero violated the Discovery Order of November 14, 2008 in two ways [DE #30]. First, Gero's responses submitted on December 4, 2008 were again incomplete or non-responsive. Also, the responses submitted on January 26, 2009, after the deadline

for complying with the Court's Order had expired, were not fully responsive. The Magistrate Judge further found that Gero's asserted reason for violating the discovery order - that the defendants' discovery requests were unduly burdensome - was not substantially justified.

The Magistrate Judge then determined that based upon his review of four factors, dismissal was appropriate in this action. Specifically, the Magistrate Judge considered: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were previously imposed or should be considered. *See Harper v. Dillard's Inc*, 2008 WL 5050124 *1 (W.D. Tenn. November 20, 2008); *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). With regard to the first factor, the Magistrate Judge found that Gero acted willfully in that he persisted to submit unresponsive discovery answers even in light of the Court's warning that failure to provide explicit answers to all of the defendants' discovery requests would result in dismissal. Because Gero twice failed to comply with the Court's discovery orders, the Magistrate Judge found a "clear record of delay and contumacious conduct," warranting dismissal of this action with prejudice. *See Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

Turning to the second factor, the Magistrate Judge found that Gero's failure to provide the discovery responses in violation of the Court's order also resulted in prejudice to the defendants in that the defendants have had "to expend unnecessary time and effort preparing their defense." Because the Court had explicitly warned Gero that his failure to fully and adequately respond to the discovery requests would result in dismissal of this action, the Magistrate Judge found that the third factor was satisfied. Finally, the Magistrate Judge found that dismissal was the preferred sanction due to Gero's repeated failure to cooperate with discovery.

Based on his review of these four factors, the Magistrate Judge recommends that the defendants' Motion to Dismiss be granted, and that the action be dismissed, with prejudice, pursuant to Rule 37(b), for failure to cooperate with discovery [DE #45]. The Magistrate Judge ordered that any objections be filed by June 18, 2009. On June 12, 2008, Gero filed a motion for extension of time to submit objections to the Report and Recommendation [DE #46]. The Magistrate Judge granted Gero's motion, and ordered that any objections be submitted by July 3, 2009 [DE #48].

On June 26, 2009, Gero filed his objections to the Magistrate Judge's Report and Recommendation. In his objections, Gero continues to raise the same objections to portions of the defendants' discovery requests previously rejected by the Magistrate Judge. He also argues that the defendants' counsel has failed to confer with him as required by Rule 37(a)(1) prior to making the motion to dismiss.

Having considered Gero's objections, which the Court finds to be without merit, and having reviewed *de novo* Gero's failure to comply with the Court's orders as well as the factors to be considered in dismissing an action under Rule 37, the Court is in full agreement with the Magistrate Judge's proposed findings of fact and recommendation. Therefore, Gero's objections will be overruled, the defendants' motion to dismiss will be granted, and this matter will be dismissed with prejudice.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that:

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #45] are **ADOPTED** as and for the opinion of the Court;

(2) the defendants' Motion to Dismiss [DE #37] is **GRANTED**;

(3)     the plaintiff's objections [DE #49] are **OVERRULED**;

(4)     this action is **DISMISSED WITH PREJUDICE**; and

(5)     judgment will be entered contemporaneously with this order.

This July 29, 2009.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge